## SOVEY v. UNITED STATES.
### No. 7654.

Circuit Court of Appeals, Fifth Circuit.
April 22, 1935.

J. M. Johnson and Joseph H. Blackshear, both of Gainesville, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and I. K. Hay and M. Neil Andrews, Asst. U. S. Attys., all of Atlanta, Ga.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted of using the mails to execute a scheme to defraud and for obtaining money by false representations and promises, in violation of 18 US CA § 338. He appeals and assigns as error the refusal of the trial court to direct a verdict in his favor.

The indictment alleges that it was appellant's scheme to obtain money from an unmarried woman by promising to marry her and to repay all sums of money which she would let him have, whereas he had no intention of carrying out either promise. The alleged victim, Roselyn Yates, testified that in February or March, 1929, she met appellant for the first time at a hospital in Augusta where she was employed as a nurse, and went riding with him in his automobile; that she asked him if he was married, and what he was doing; that he replied he was not married and had been engaged in the business of selling and developing gold mines over a period of a good many years, had been successful, had made considerable money; that from then on through 1931 they corresponded with each other; that he came back to the hospital in July, 1929, and during an automobile ride he proposed marriage and they became engaged. A large number of letters which appellant wrote to her, and which he admitted mailing, were introduced in evidence. They were all amatory letters, but in nearly every one he asked her to send him small sums of money to enable him to close sales of mineral land which he represented he was just on the verge of making, and that if he succeeded he would supply her with fine clothes and jewelry and she would never have to work any more. In one letter he asked her to wire him $32 with which to buy revenue stamps to put on a deed, saying that he was to get $7,500 in cash; in another to wire him $20 to finish paying for an abstract of title, saying that $30,000 had been deposited in a bank to pay for mineral land which he had sold; in still another he stated he was about to make a sale for $100,000, of which he would get $60,000. According to appellant's testimony, he never promised to marry Miss Yates, but told her in the beginning he was a married man. He made none of the sales he wrote to her he had made or was about to make. He owned no mineral property, but said he was trying to sell on commission mineral lands owned by others, although he had made no such sales since 1924. It is undisputed that in response to his letters Miss Yates let him have all told about $1,200 or $1,500; that he had not returned any of it, except $50 which he paid to her father; and that he admitted an obligation to repay the full amount whenever he should become able to do so. In view of the conflict in the evidence as to the nature of the promises made, it was open to the jury to find that Miss Yates was induced to part with her money because of the letters appellant wrote to her and of his promises to repay her out of money which he represented he had received or would collect upon sales that already had been consummated. The testimony of Miss Yates was sufficient to prove that both of the pretenses alleged in the indictment were made, and that at least one, if not both, was false and fraudulent. Therefore the trial court did not err in refusing to give the peremptory instruction.

The judgment is affirmed.